UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 04-21910-CIV-LENARD/SIMONTON

SUE LEVICK,

Plaintiff,

v.

STEINER TRANSOCEAN LIMITED,

Defendant.

______________________________/

PLAINTIFF'S VERIFIED MOTION FOR PROTECTIVE ORDER

Plaintiff, Sue Levick, moves the Court to enter a protective Order to require the Defendant to depose the Plaintiff in California and states:

1. Plaintiff originally filed a lawsuit against Steiner Transocean Limited ("Steiner") and Carnival Cruise Lines ("Carnival") in California alleging that she was seriously injured by Defendants' negligence when she fell after receiving a massage from Steiner's employee.

2. Plaintiff is a resident of California and the cruise upon which the incident occurred departed from and returned to California.

3. The California Court dismissed the lawsuit based upon the ticket contracts' provision that the exclusive venue for any litigation against Carnival is in the Southern District of Florida.

4. Thereafter, Plaintiff retained the undersigned counsel to file suit in Florida, a state which she has no connection to.

30/

5. Defendant has noticed the Plaintiff for deposition to occur in Defendant's counsel's office in Miami on April 21, 2005.

6. Requiring the Plaintiff to attend her deposition in Miami is unnecessary and imposes an undue burden on the Plaintiff.

7. Prior to filing this motion, the undersigned conferred with opposing counsel in an effort to resolve the matters raised in this motion without the need for judicial intervention, but counsel were unable to do so.

Wherefore, Plaintiff moves the Court to enter a protective order changing the site of the deposition to California.

MEMORANDUM OF LAW

The general rule is that a Plaintiff must appear for deposition in the forum in which he has brought the suit. However, the general rule does not apply when the choice of forum is dictated by the defendant. Abdullah v. Sheridan Square Press, Inc., 154 F.R.D. 591, 593 (S.D. N.Y. 1994). In the case at bar, Plaintiff has no connection to Florida other than being compelled to file suit here by the Defendant.

Plaintiff is of limited financial means and is caring for her daughter who is gravely ill with cancer. In contrast, Defendant would not be inconvenienced by taking the deposition in California as Defendant's counsel maintains offices in San Diego, San Francisco and Los Angeles. See www.kayerose.com. Moreover, Defendant's California attorneys are familiar with Plaintiff's claim as they originally defended the case when it was pending in California. Under the circumstances, the site of the deposition should be moved to California.

## VERIFICATION

Under penalties of perjury, I declare that I have read the facts contained in the foregoing motion and memorandum of law and those facts are true and correct.

Sue Levick

04-07-05
Date

## CERTIFICATE OF SERVICE

I certify that a copy hereof was mailed to Kaye, Rose & Maltzman, LLP, 2 S. Biscayne Blvd., Suite 2300, Miami, Florida 33131, on ~~March 24~~ April 11, 2005.

WOLFE & GOLDSTEIN, P.A.
550 Brickell Ave., Penthouse Suite
Miami, Florida 33131
Telephone: (305) 381-7115
Facsimile: (305) 381-7116

MARK GOLDSTEIN
Fla. Bar No: 882186